IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMIE GRIFFIN                                                                                            PETITIONER

V.                                                                                        NO. 4:16-CV-227-DMB-JMV

MARSHALL FISHER, et al.                                                                             RESPONDENTS

## ORDER OF DISMISSAL

Jamie Griffin's petition for a writ of habeas corpus is before the Court for consideration of the Report and Recommendation of United States Magistrate Judge Jane M. Virden. Doc. #8.

## I
## Procedural History

On or about November 9, 2016, Jamie Griffin filed in the United States District Court for the Northern District of Mississippi a petition for a writ of habeas corpus challenging his 2016 sentence for burglary. Doc. #1. On June 20, 2017, the respondents filed an answer arguing that Griffin's claims for relief were procedurally barred. Doc. #7. Griffin did not file a traverse. On May 30, 2018, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation recommending that Griffin's petition be dismissed on the grounds of procedural default. Doc. #8 at 7. Neither party filed objections to the R&R.

## II
## Analysis

Under 28 U.S.C § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F.Supp.3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)). The Court, having reviewed the Report and

Recommendation, concludes that it is neither clearly erroneous nor contrary to law. Accordingly, the Report and Recommendation is adopted and Griffin's petition is dismissed.

### III
### Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts. A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

### IV
### Conclusion

The May 30, 2018, Report and Recommendation is [8] is **ADOPTED** as the order of this Court. This case is **DISMISSED.** A certificate of appealability is **DENIED**.

**SO ORDERED**, this 8th day of March, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**